Decided at PENDLETON August 13, 1898.
## STATE *v.* MINNICK.
[54 Pac. 223]

APPEAL BY STATE IN CRIMINAL CASE.—The state cannot appeal from any orders or judgments in a criminal case, except those mentioned in sec. 1430, Hill's Ann. Laws; so that no appeal lies from a judgment of acquittal, even if entered on a verdict ordered by the trial judge.

FORMER ACQUITTAL.—An appeal did not lie at common law from a judgment sustaining a plea of former acquittal.

From Union : ROBERT EAKIN, Judge.

John Minnick having been acquitted on a charge of larceny, the state appealed, whereupon the defendant filed a motion to dismiss.

DISMISSED.

*Thomas H. Crawford* and *J. L. Austin* for the motion.

*Hugh E. Courtney*, district attorney, *contra*.

MR. JUSTICE WOLVERTON delivered the opinion.

The defendant was indicted for the crime of larceny, and interposed a plea of former acquittal. The state demurred to the plea, and, the demurrer being overruled, a trial was had, at the close of which the court instructed the jury to return a verdict of not guilty, and, the defendant having been discharged upon the return of such verdict, the state appealed. The defendant filed a motion to dismiss the appeal, assigning as a reason therefor that the state has no right of appeal under such conditions, and this presents the sole question for determination.

The statute has prescribed that an appeal may be taken to the supreme court by the state from a judgment or order of the circuit court in a criminal action in the fol-

lowing cases : (1) Upon a judgment for the defendant on a demurrer to the indictment, and (2) upon an order of the court arresting the judgment. Hill's Ann. Laws Or., § 1430. It is plain that the state's case does not fall within either of the two grounds of error for which the right of appeal is thus directly accorded, and, these being exclusive, the state can assign no other. Section 1427, Id., provides that "the party aggrieved, whether the state or the defendant, may appeal from a judgment in a criminal action in the cases prescribed in this chapter and not otherwise." The latter words of the section constitute an express limitation upon the right of appeal in criminal matters, and preclude the state from resorting to that mode of reviewing judgments and orders of the circuit court, other than those enumerated in section 1430 : *People* v. *Snyder*, 44 Hun, 193 ; *State* v. *Bollinger*, 69 Mo. 577 ; *State* v. *Risley*, 72 Mo. 609 ; *People* v. *Dempsey*, 66 How. Prac. 371. Even independent of the statute, the right of appeal or writ of error did not lie at common law from the judgment of the court in sustaining a plea of former acquittal : *State* v. *Lane*, 78 N. C. 547. So that, in any event, the state is without the right to be heard, and the motion to dismiss must be allowed, and it is so ordered.

DISMISSED.