Motion to dismiss appeal July 5, allowed July 19, 1961

# STATE *v.* GARRETT
### 363 P. 2d 762

[1]

Bernard, Bernard, Edwards & Hurley, Portland, for the motion.

Charles E. Raymond, District Attorney for Multnomah County, and Oscar D. Howlett, Deputy District Attorney, contra.

PERRY, J.

The defendant was charged by the grand jury of Multnomah County with murder in the first degree, it being alleged in the indictment that the defendant committed arson in a dwelling which resulted in the death of her daughter.

To this indictment the defendant, pursuant to ORS 135.830, plead a former acquittal of the same crime charged. Her plea was sustained by the trial court and the State filed its notice of appeal.

The defendant has moved for the dismissal of the appeal upon the grounds, first, that there was no proper service of the notice of appeal, and, second, that the sustaining of a plea of former jeopardy is not a judgment from which the State may appeal.

The motion to dismiss must be granted upon both of these grounds.

The record discloses that the statutory Notice of Appeal was served upon the attorneys for the defendant at a time when the defendant was residing in Multnomah County. ORS 138.110 provides:

"When the state takes an appeal, a notice similar to the one mentioned in ORS 138.080 shall be served on the defendant if he is a resident of or imprisoned

in the county, or, if not, on the counsel, if any, who appeared for him on the trial if he resides or has an office for the transaction of business in the county. * * *."

This same set of circumstances, under practically the same statute, occurred in *State of Oregon v. Brown,* 5 Or 119, 120, and we said:

"In relation to the service of the notice of appeal, the Criminal Code, § 232, requires that if the appeal be taken by the State, as in this case, the notice must be served upon the defendant if he be a resident of or imprisoned in the county. The return of the sheriff shows that the notice in this case was served on J. A. Stratton, the attorney for the respondent, and upon Joel Ware, the clerk of the Circuit Court aforesaid. It does not show that the respondent was served with the notice, neither does it show that he was not a resident of the said county, or that he could not be found therein. In order to give this Court jurisdiction the return on the notice of appeal should show that the same was served upon the clerk and the respondent, or that it was served upon the clerk; that the respondent could not after due and diligent search be found in the county and that it was served upon the respondent's counsel. It follows that the motion should be allowed and this appeal be dismissed."

■ In order for this court to obtain jurisdiction of a matter on appeal, it is necessary that the statutory requirements of service of the notice of appeal be strictly followed in accordance with the legislative mandate. *McCain v. State Tax Commission,* 227 Or 486, 360 P2d 778; *State v. Archerd,* 144 Or 309, 24 P2d 5.

■ On the right of the State to appeal, ORS 138.060 provides:

"The state may take an appeal to the Supreme Court from a judgment for the defendant on a

demurrer to the indictment or from an order of the court arresting the judgment."

And ORS 138.020 specifically provides there shall not be a right of appeal by the State otherwise. This court has so held in *Portland v. Erickson,* 39 Or 1, 62 P 753; *State v. Minnick,* 33 Or 158, 54 P 223, and *State v. Ellis,* 3 Or 497.

The State contends, however, the action of the trial court in dismissing the indictment was, in legal effect, the same as the sustaining of a demurrer to the indictment and, therefore, became an appealable order.

The judgment of the trial court quite properly provides that the order of dismissal shall constitute a bar to any further prosecution of the defendant for the crime charged in the indictment. A plea of former jeopardy is not a plea to the merits (*Potter v. State,* 91 Fla 938, 109 So 91; *State v. Ellsworth,* 131 NC 773, 42 SE 699, 92 Am S R 790; *State v. Simmons,* 9 Terry 166, 99 A2d 401), nor is it an attack upon the sufficiency of the indictment. Such a plea is a claim by a defendant to his constitutional right to be tried but once for the same offense. "It is not an inquiry as to anything that accused has or has not done, and therefore is not of a criminal nature." 22 CJS 1245, Criminal Law § 441. Therefore, such a plea does not admit as true the facts set forth in the indictment, but points out that if those facts are true the defendant will establish that he has been formerly tried for the same crime as alleged and lawfully acquitted or convicted. The sustaining of his plea, which is a plea in bar, disposes of the entire cause as fully and effectively as would a verdict of acquittal on the merits.

The appeal by the State must, therefore, be dismissed, and it is so ordered.