Motion to dismiss December 13, 1961, appeal dismissed
January 17, 1962

# HOLLAND *v.* GLADDEN

368 P. 2d 331

Paul Courter Holland, Salem, *in propria persona,* for the motion.

Robert Y. Thornton, Attorney General, and Harold W. Adams, Assistant Attorney General, Salem, contra.

Before MCALLISTER, Chief Justice, and ROSSMAN,

WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PER CURIAM.

The warden of the state penitentiary appeals from a judgment in favor of the prisoner in a post-conviction proceeding. The prisoner has moved to dismiss the appeal on the ground that service of the notice thereof was made upon his attorney only, and not upon himself as required in the case of an appeal by the state in a criminal action. ORS 138.110; *State v. Garrett,* 72 Adv Sh 1041, 228 Or 1, 363 P2d 762.

■■ While the remedies available to convicts under the Post-Conviction Hearing Act (ORS 138.510 to 138.680) ordinarily involve questions of criminal law, these remedies essentially augment common-law *habeas corpus.* The prisoner, designated as the plaintiff, sues the warden, or some other designated defendant, in a proceeding designed to test either the constitutionality of a particular conviction or the jurisdiction of the convicting court, or both. While the remedies under the statute are somewhat broader than common-law *habeas corpus* (e.g., the convict need not be in custody), they resemble those available at common law. *Habeas corpus* is in the nature of a civil proceeding. *Barber v. Gladden,* 210 Or 46, 298 P2d 986, 309 P2d 192; *Smallman v. Gladden,* 206 Or 262, 291 P2d 749; *Anderson ex rel Poe v. Gladden,* 205 Or 538, 288 P2d 823. For certain purposes, the analogy between *habeas corpus* and post-conviction relief would, no doubt, be instructive.

■ The prisoner contends, however, that ORS 138.650 requires service of the notice of appeal to be made as in criminal appeals. That section provides,

*inter alia,* that "[t]he manner of taking the appeal and the scope of review by the Supreme Court shall be the same as that provided by law for appeals in criminal actions * * *."

Thus, the question is whether the service of the notice of appeal is part of "the manner of taking the appeal". Turning to ORS 138.080, we learn:

> "An appeal shall be taken by filing a notice in writing with the clerk of the court where the judgment is entered, stating substantially that the appellant appeals from the judgment."

If we stopped at this point, we might conclude that the "manner of taking the appeal" ended with the filing of the notice in the circuit court, and that service of the notice thereafter had to do only with perfecting an appeal already taken. No reference is made to the service of such a notice until we come to ORS 138.110, which spells out the details of the service necessary in various circumstances.

Such a construction, however, must ignore the expression of the legislature in the field of civil appeals where "the manner of taking the appeal" specifically includes the service of the notice. ORS 19.023 provides:

> "(1) An appeal to the Supreme Court shall be taken in the manner prescribed by ORS 19.023 to 19.190."

An inspection of the sections mentioned, and particularly ORS 19.026 and 19.029, readily reveals that service of the notice is part of the manner of taking the appeal under ORS 19.023. If the language, "the manner of taking the appeal", was intended to have some different meaning in ORS 138.650, we have been given no clue thereto.

Since by ORS 138.650 the manner of taking the appeal is the same as that provided by law for appeals in criminal cases, and since by ORS 138.110 the service of a notice of appeal upon the defendant is demanded in criminal cases, then it follows that such service was necessary in the case at bar. Even though the procedure, once the case comes to court, is essentially a civil procedure, the statute which gives the warden the right to appeal requires him to take the appeal in a particular manner. Since the warden merely stands in the place of the state for the purposes of providing an adversary party in cases brought under the Act, it is not surprising that he be required to proceed as the state would in a criminal appeal. Service not having been made according to law, we have no jurisdiction of the appeal. *State v. Garrett,* supra.

Motion allowed; appeal dismissed.