Submitted November 20, affirmed December 19, 1962

# HOLLAND *v.* STRAWN
## 377 P. 2d 1

Paul C. Holland filed a brief in propria persona for appellant.

John Eaton, District Attorney, and Dale W. Conn, Deputy District Attorney, Coquille, filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

ROSSMAN, J.

This is an appeal by Paul C. Holland, petitioner for a writ of habeas corpus, from two orders of the Circuit Court for Coos County which were entered by that court in this proceeding. We will hereafter refer to the petitioner as the plaintiff. The defendant, who is the respondent upon this appeal, is the Sheriff of Coos County. The first of the two orders which the plaintiff-appellant wishes to challenge denied a motion made by him for a change of venue. By stating the matter we make no intimation that the venue of a habeas corpus proceeding is subject to the change authorized by ORS 14.110, the section of our laws upon which the plaintiff relies. Nor do we indicate that a ruling denying a change of venue is a final order capable of supporting an appeal. The second order entered by the circuit court which the plaintiff deems erroneous quashed his petition for the issuance of the writ of habeas corpus. The petition for the writ was filed by the plaintiff in Coos County March 30, 1962, and alleged that he was held in custody by the defendant under

"* * * what purports to be an order of the Circuit Court of the State of Oregon for the county

of Coos made on or about ..........................., 1962, adjudging him, the said plaintiff, Paul Courter Holland, guilty of the crime of rape and ordering him to be brought before the Coos County Court for the purpose of imposing sentence."

The petition alleged that the order of the Circuit Court for Coos County was "totally void."

The plaintiff-appellant submits three assignments of error. The second, to which we will now give attention, reads:

"The Court erred in sustaining defendant's motion to quash petition for writ of habeas corpus * * *."

On or prior to September 7, 1960, the plaintiff was indicted in Coos County on a charge of rape and on another of burglary. September 7, 1960, he plead guilty to both indictments. Upon the one that charged burglary he received a sentence of five years imprisonment, and upon the other that charged rape a sentence of twenty years was imposed. The necessary judgments were entered in both cases.

■ This case is concerned only indirectly with the case of burglary and the judgment that was entered in it. In the rape case the Circuit Court for Coos County did not order a psychiatric examination of the plaintiff (defendant in that case) of the kind for which ORS 137.112 makes provision. ORS 137.112 (Chapters Replaced 1959-1960), as phrased at the time of the plaintiff's conviction of the crime of rape and the imposition of the sentence of twenty years, stated:

"Every person convicted of any crime punishable under ORS * * * shall, upon conviction and before sentence, forthwith be given a complete psychiatric examination. The court shall order that

such person be taken by the sheriff to a state hospital * * *. When the examination is completed, the superintendent of the institution to which the person was taken shall notify the sheriff, who shall go to the institution and the superintendent shall deliver the person to the sheriff. Thereafter the sheriff shall retain custody of such person, subject to further order of the court."

The statute's present phraseology appears in Oregon Laws 1961, Chapter 424, Section 2, and ORS 137.112.

No psychiatric examination was given to the plaintiff before the sentence of twenty years was imposed. In January 1961 the plaintiff instituted in the Circuit Court for Marion County a post-conviction proceeding which challenged the sentence of twenty years imposed by the Circuit Court for Coos County. Because the Circuit Court for Coos County had not subjected the plaintiff to a psychiatric examination the Circuit Court for Marion County on September 12, 1961, vacated the sentence of twenty years. It did not, however, disturb the judgment of guilty. Obviously, the irregularity, if any, concerning the psychiatric examination did not affect the plea of guilty upon which the judgment was based. The order of the Circuit Court for Marion County stated:

"* * * plaintiff be remanded to the authorities of Coos County, Oregon for compliance with ORS 137.112, provided however that the said authorities of Coos County shall have thirty days from the date of the judgment in which to take custody of plaintiff and in the event they fail to do so within the said time the plaintiff shall be forthwith released from the custody of defendant Warden."

Before going on, we pause to observe that since the plaintiff was subject to the sentence of five years

imprisonment which had been imposed upon him following his plea of guilty to the charge of burglary, he could not have been set free by the Circuit Court for Marion County whether or not the Circuit Court for Coos County ordered a psychiatric examination.

October 4, 1961, the Warden of the penitentiary, who was the defendant in the Marion County post-conviction case, gave notice of appeal to this court, and October 17, 1961, the plaintiff (plaintiff in that cause and plaintiff in the case at bar, but defendant in the rape case) cross appealed. January 17, 1962, this court dismissed the Warden's appeal on account of a defect in the service of notice of appeal. February 13, 1962, the plaintiff voluntarily withdrew his notice of appeal. February 22, 1962, the Sheriff of Coos County, as we saw by quotation from the complaint, took the plaintiff into custody for presentation before the Circuit Court for that county so that provision could be made to give him a psychiatric examination. March 1, 1962, the Circuit Court for Coos County ordered the plaintiff transferred to the State Hospital for the psychiatric examination mentioned in ORS 137.112 and 137.113. It will be noticed that 34 days had passed from the entry of the order which dismissed the Warden's appeal to the day when the plaintiff was taken into custody, but only nine days had passed from the dismissal by the plaintiff of his cross-appeal to the day when provision for the psychiatric examination got under way.

When the Circuit Court for Marion County, in entering its order in the post-conviction case, vacated the sentence of twenty years and directed that the plaintiff should be resentenced after receiving a psychiatric examination which should commence within thirty days, it stayed execution of its order pending

the appeal. In other words, pending the appeals it was unnecessary and impossible to do anything concerning the psychiatric examination. We have noticed that the Warden (defendant in that proceeding) appealed and that after he had done so the plaintiff cross appealed. Accordingly, as long as his appeal was pending, execution of the circuit court's order was stayed. We have seen that within nine days of the plaintiff's dismissal of his appeal the Sheriff of Coos County took him into custody for the purpose of taking him to the State Hospital where the psychiatric examination would take place.

The above being the facts, the defendant properly took the plaintiff into his custody and was so holding him at the time when the plaintiff filed his petition for the writ. The petition was, therefore properly quashed.

■ In view of the fact that it will be necessary for the Circuit Court for Coos County to resentence plaintiff, we add that ORS 137.112 as now phrased, pursuant to its amendment by Oregon Laws 1961, Chapter 424, page 671, provides that the psychiatric examination "may" be given. It says, "The court may order such person to be taken by the sheriff to a state hospital." The verb "may" is used in the amendatory act more than once. It is a term that generally denotes permission or discretion; it occurs in the amended act where the reader would expect to find the expression of authorization, permission, or sufferance. According to 57 CJS, page 456:

> "The verb 'may' may be, and usually is, employed as implying permissive or discretional, and not mandatory, action or conduct * * *."

In the present instance the amendatory act (Oregon Laws 1961, Chapter 424) inserted the permissive word

"may" in the statute in place of the word "shall" after some circuit court judges had construed "shall" as rendering mandatory the psychiatric examination. It is clear that the purpose of the amendment was to render the psychiatric examination discretionary. Accordingly, it is unnecessary for the Circuit Court for Coos County to order the psychiatric examination unless it believes that it would be helpful.

Another of the assignments of error is based upon an order which denied a change in venue. It is plainly evident that the motion was properly denied. This assignment of error is without merit.

We deem it unnecessary to proceed further. The challenged orders are affirmed.