Submitted September 1, affirmed November 4, 1964

# HOLLAND *v.* GLADDEN

396 P. 2d 222

Paul Courter Holland, Salem, filed a brief in propria persona.

Robert Y. Thornton, Attorney General of Oregon, Salem, and C. L. Marsters, Assistant Attorney General, Salem, filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Denecke, Justices.

ROSSMAN J.

This is an appeal by Paul Courter Holland, plaintiff, from a judgment order of the circuit court which dismissed his petition for a writ of habeas corpus. The defendant is the Warden of the Oregon State Penitentiary. The plaintiff is an inmate of that institution. The complaint challenges the validity of his imprisonment by alleging:

"That the cause or pretence [sic] of such imprisonment and restraint according to the best knowledge and belief of your petitioner, is an order as amended by a Nunc Pro Tunc Order, State of Oregon, Plaintiff vs Paul Courter Holland, Defendant, Case No. 4930, In the Circuit Court of the State of Oregon In and For the County of Coos, signed by Robert C. Belloni, Circuit Judge, on the 6th day of April 1962 * * *.

"That said imprisonment and restraint are illegal, void and a nullity being obtained by coercion.

"That your petitioner on September 7, 1960 was sentenced to 20 years for the crime of rape (Coos County Case No. 4930) and to 5 years for the crime of burglary (Coos County Case No. 4931), sentences to run consecutively and that on September 12, 1961, the sentence for rape was declared void and petitioner ordered for resentencing by the Marion County Circuit Court in Case No. 50218."

It will be noticed that two judgments of guilt have been entered against the prisoner. One of them adjudged him guilty of the crime of rape and sentenced him to a term of twenty years. The other found him guilty of the crime of burglary and imposed a sentence of five years. The sentences, according to the plaintiff's averments, were ordered "to run consecutively." Both sentences were imposed, so the complaint avers, by Judge Robert C. Belloni of the circuit court and on the same day.

Although the complaint charges that the plaintiff's "imprisonment and restraint are illegal, void and a nullity being obtained by coercion," it alleges no facts or details unless the following are of that kind: (1) the plaintiff's incarceration by the defendant is not due to any action by any "court of the United States or by any court or order of competent jurisdiction," (2) the "detention is unlawful and in violation to his rights guaranteed him by the Fourteenth Amendment to the United States Constitution and the Constitution of the State of Oregon," (3) the "petitioner has lost no good time through his misconduct and that by virtue of president [sic] set by this institution, the good conduct term for the conviction of burglary of your petitioner did end on December 24, 1963, according to the provisions as set forth in Chapt. 421 Section 120 Paragraphs (B) and (C)," and (4) "Petitioner's petitions to the U. S. District Court have been dismissed without prejudice in orders Dated December 16, 1963 and January 14, 1964."

A supplemental abstract of record filed by the warden and which the prisoner does not challenge, alludes to the facts developed by the complaints and supplements them. Before quoting them we take note that the supplemental abstract refers to the rape case

as "Case No. 4930," and to the burglary case as "Case No. 4931." An order entered by the circuit court for Coos County September 8, 1960, in "Case No. 4931" (burglary case) and quoted in the supplementary abstract of record directs that Holland (defendant in that case) be "kept a prisoner for a maximum period of five years, the imprisonment on said sentence to commence at the expiration of the sentence pronounced in Case No. 4930." The supplemental abstract of record quotes from an order entered in "Case No. 4930" (rape case) as follows:

> "It is hereby ordered and adjudged that the defendant, Paul Courter Holland, be and he hereby is sentenced to serve twenty years as a prisoner
> * * *

\* \* \*

> "It is further ordered and adjuged that it is the intent of this Judge that sentence imposed in this case be completed before the sentence imposed by this Court in Case No. 4931 commence."

The Nunc Pro Tunc order to which the complaint refers likewise directed that the two sentences should run consecutively and that service of the rape sentence should be completed before that imposed upon the burglary charge should commence.

■ Although the two judgments of conviction above mentioned have been before this court twice previously, *Holland v. Strawn,* 233 Or 64, 377 P2d 1, and *Holland v. Gladden,* 229 Or 573, 368 P2d 331, the plaintiff (Holland) has not challenged their parts which direct that the sentences should run consecutively and that service of the rape sentence should be completed before that imposed under the burglary charge would begin. No contention is made that those parts of the judgments are irregular or violative of any rights of the

plaintiff. The sentencing court is authorized to make provisions of the kind just mentioned, 24B Criminal Law §§ 1996 (1) and 1996 (2) pages 659 and 661, and 15 Am Jur., Criminal Law § 464 and 465, pages 121 and 123.

Since Judge Belloni was authorized to direct that the twenty year sentence should be served before service of the five year sentence began and since the prisoner makes no claim that he has completed service of the twenty year sentence, the petition for his release cannot be granted unless the twenty year sentence is a nullity. It will be recalled that the prisoner's complaint terms his imprisonment "a nullity." It says, "On September 12, 1961, the sentence for rape was declared void and petitioner ordered for resentencing by the Marion County Circuit Court in Case No. 50218."

■ Those being the contentions that Holland submits, we proceed to determine whether the judgment entered in the rape case is a nullity. The charge that it was declared void is predicated largely upon facts that are recited in *Holland v. Strawn,* supra. Holland does not claim that the judgment of the circuit court which found him guilty of rape was ever vacated. In fact, the judgment of guilt was based upon his plea of guilty. But after the sentence of twenty years had been imposed, Holland challenged it by a post-conviction remedy proceeding based upon the fact that before he was sentenced to the twenty year term he had not received the psychiatric examination authorized by ORS 137.112. The penalty had been imposed by the circuit court for Coos County. The post-conviction remedy proceeding was instituted in the circuit court for Marion County. The latter court held that the psychiatric examination is mandatory and vacated

the sentence of twenty years; it ordered the circuit court for Coos County to direct that a psychiatric examination be given and that at its close Holland be resentenced. Both the Warden and the prisoner appealed from that judgment. Later Holland withdrew his appeal and the order challenged by the Warden was affirmed in the decision above cited. When the cause was remanded to it, the circuit court for Coos County directed that the examination be given, and, when the psychiatrist's report was received by the court it imposed the same sentence that it had previously entered. Since the psychiatric examination authorized by ORS 137.112 comes after, and not before, guilt is established, it seems reasonably clear that its bearing is upon the subsequent treatment which the convicted person shall receive and not upon the issue of his guilt.

■ The above shows that when the circuit court, acting upon the prisoner's petition, came to the conclusion that he should have been given a psychiatric examination, it vacated the sentence and directed that the examination be made. Upon receipt of the psychiatrist's report, sentence was then imposed. We do not believe that the course thus pursued violated any right of Holland. We take the following from *U. S. v. Tateo,* 84 S Ct 1587, 12 L Ed2d 448, 377 U S 463:

"* * * It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality,

therefore, the practice of retrial serves defendants' rights as well as society's interest. The underlying purpose of permitting retrial is as much furthered by application of the rule to this case as it has been in cases previously decided."

*Northcott v. Hand,* 186 Kansas 662, 352 P2d 450, ruled:

"It is also the general rule that the resentencing of a prisoner duly convicted of a crime, who has obtained his discharge on habeas corpus, is not subject to the objection that he is put in jeopardy twice for the same offense, and the same rule applies where the court denies the writ with directions to resentence the convicted prisoner. * * *"

See to the same effect *Commonwealth v. Scoleri,* 302 A2d 521.

No error was committed when the above course was pursued in the entry of the nunc pro tunc order and the re-sentencing.

■ Holland presents a contention that *Escobedo v. Illinois,* 12 L Ed2d 977, 84 S Ct 1758, 378 U S 478, requires the vacation of his conviction and sentence on the rape count. The applicability of the Escobedo decision is not properly before us. No allegation and no competent evidence is in the record which shows that the Escobedo rule was applicable to this case or violated. Nothing is before us showing that when Holland's plea of guilty was accepted any phase of the Escobedo rule was violated. It will be recalled that the circuit court for Coos County accepted Holland's plea of guilty. Later a post-conviction remedy case brought Holland's penalty before the circuit court for Marion County; and still later, after that court had made its rulings, the cause was again before the circuit court for Coos County. Nothing that is before us shows any

violation in any of those cases of any constitutional rights of Holland such as his right to counsel. Whether Holland can bring himself within the purview of any of those rules we do not now decide. The raising of the issue for the first time here comes without the support of any evidence which shows that the Escobedo rule was in any manner impinged upon.

As none of the errors assigned nor arguments presented are meritorious, the decision of the circuit court denying the writ is affirmed.