Clarence T. GLADDEN, Warden Oregon State Penitentiary, Appellant,

v.

Paul Courter HOLLAND, Appellee.

No. 20623.

United States Court of Appeals Ninth Circuit.

Aug. 29, 1966.

Robert Y. Thornton, Atty. Gen. of Or., Wayne M. Thompson, Asst. Atty. Gen., Salem, Or., John J. Pickett, Sp. Asst. Atty. Gen., Coquille, Or., for appellant.

M. Chapin Milbank, Brown, Schlegel, Bennett & Milbank, Salem, Or., Arden

E. Shenker, Tooze, Powers, Kerr, Tooze & Peterson, Portland, Or., for appellee.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge:

Paul Courter Holland, in Oregon state penal custody under a twenty-year sentence following his 1960 conviction on a charge of rape, applied to the district court for a writ of habeas corpus. He alleged that his plea of guilty was not voluntary because it was tainted by an immediately preceding involuntary confession. The district court, after a hearing, found that Holland's plea of guilty was vitiated by a coerced confession. The court denied relief, however, because Holland was also lawfully imprisoned under a five-year sentence based upon an unchallenged conviction for burglary. Holland v. Gladden, D.Ct.D.Or., 226 F. Supp. 654. We affirmed, Holland v. Gladden, 9 Cir., 338 F.2d 52.[1]

Following completion of the five-year term for burglary, Holland again applied to the district court for a writ of habeas corpus pertaining to his continuing custody under the sentence for rape. He advanced essentially the same grounds as in his first application to the district court. The court reviewed the record of the prior hearing and again found Holland's plea of guilty had been tainted by a coerced confession. Accordingly, the court granted the application for a writ of habeas corpus and ordered Holland released from state custody. The warden appeals.[2]

Appellant argues that in view of the evidence received and the applicable principles of law, the district court erred in making the ultimate finding that Holland's confession was coerced.

The district court made an ultimate finding of fact that the confession was coerced, based upon detailed findings which we now paraphrase.

Holland was arrested on September 6, 1960, at approximately 11:00 p. m., after being found in a strange apartment house. He readily admitted his involvement in a burglary, but at first denied any knowledge of a series of unsolved rapes. He was questioned continuously until about 4:00 a. m., when he signed a confession admitting a number of attempted and actual rapes. He also admitted numerous burglaries.

The sheriff and police effectively denied Holland's requests for counsel during the questioning, initially denied him the right to call his wife, and failed to warn him of his constitutional right to remain silent. Holland was interrogated by teams of officers and was not alone or in friendly company from the time of his arrest until the time of his confession.[3]

1. Holland has also been before the Supreme Court of Oregon three times in connection with his rape conviction and sentence. Holland v. Gladden, 229 Or. 573, 368 P.2d 331; Holland v. Strawn, 233 Or. 64, 377 P.2d 1; Holland v. Gladden, 239 Or. 57, 396 P.2d 222.

2. Opposing counsel are in agreement that Holland has exhausted his presently-available state remedies. See 28 U.S.C. § 2254 (1964). This court stayed the order of the district court pending disposition of this appeal, and denied Holland's motion for release on his personal recognizance.

3. The district court also quoted in its opinion the following testimony of the sheriff and stated that this testimony indicated an attitude of flagrant disregard for Holland's constitutional rights:

"Before I started to talk to him the police officer that I met told me that he wouldn't go for any of the rape cases, wouldn't talk.

"He wanted an attorney. So, I rushed right in and I said, 'You are not going to call any attorney at this time.'

" 'You will later but not now, not right at the present time, you are going to talk to us and we are going to talk to you for a few hours, then, you will be permitted to call an attorney.'

" 'The only requirement we have is to produce you in Court before a magistrate.' "

* * * * * * *

"* * * at one-thirty I called an attorney for him and I tried to call others but at one-thirty some attorneys don't answer their phones."

* * * * * * *

"* * * this was my explanation to him of what was in store for him for

Appellant does not challenge any of these detailed findings pertaining to the occurrences and events surrounding the confession.[4] But, while we accept these findings at face value, it is our appellate duty, in determining the ultimate issue of voluntariness, to examine the entire record for other undisputed facts bearing upon that issue.[5]

■■ We hold that the district court did not err in making the ultimate finding that Holland's confession was involuntary. Among the factors which lead us to agree with the trial court that Holland's confession was coerced, are the following: (1) failure to advise Holland of his right to claim the privilege against self-incrimination; (2) failure to advise Holland of his right to counsel and persistence in continuing interrogation when his indicated desire to have counsel could not be immediately met;[6] (3) conducting the interrogation throughout the night, in secret and incommunicado, utilizing teams of interrogators;[7] and (4) calling in alleged rape victims and their husbands to view Holland in the interrogation room during the course of the night.[8]

■ These and other circumstances, established by undisputed testimony, present a clear picture of how Holland's will to remain silent was overborne. A

---

a few hours there that he would sit and and talk with us.

"Now, I made an outline of it when I first started talking to him, I put my cards on the table, told him that he was —we were convinced that we had the rapist and that was what we was after."

4. None of these findings are specified as error. See Rule 18(2) (d), Rules of the Ninth Circuit. However, appellant states in his opening brief (without record references) that, contrary to one of these findings, Holland was permitted to telephone his wife on two occasions. Our examination of the record indicates conflicting evidence as to this fact. It appears that at least one telephone call was made but the evidence is in dispute as to whether it was made before Holland gave incriminating statements.

5. See Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895, decided June 20, 1966; Culombe v. Connecticut, 367 U.S. 568, 603–604, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Malinski v. People of State of New York, 324 U.S. 401, 404, 65 S.Ct. 781, 89 L.Ed. 1029; Collins v. Beto, 5 Cir., 348 F.2d 823, 832, concurring opinion of Judge Friendly. Counsel for appellant and appellee have assisted us in making this further factual examination by calling attention to additional items of evidence not reflected in the findings referred to above.

6. The sheriff denied Holland's initial request to contact an attorney and only after several hours of interrogation did the sheriff place three calls to local attorneys at about 1:30 a. m. Only one attorney answered his telephone and he refused to assist Holland. The sheriff then informed Holland that he would take him

before a magistrate at ten o'clock in the morning. At no time was Holland informed of his right to remain silent, or that his statements could be used against him.

Since the conviction of Holland was obtained prior to the decisions in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 and Escobedo v. State of Illinois, 378 U.S. 478, the described process of in-custody interrogation cannot be condemned solely because Holland was not accorded the specifics of those decisions. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; and Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895, both decided on June 20, 1966. Nevertheless, as the Supreme Court pointed out in both of these opinions, the substantive test of voluntariness of a confession takes account of a failure to advise accused of his privilege against self-incrimination or to allow him access to outside assistance.

7. In Haynes v. State of Washington, 373 U.S. 503, 514, 83 S.Ct. 1336, 1343, 10 L.Ed.2d 513, the Court said:

"* * * even apart from the express threat, the basic techniques present here—the secret and incommunicado detention and interrogation—are devices adapted and used to extort confessions from suspects."

See Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, supra.

8. Holland testified that, within his hearing the sheriff told one of the officers: "You better make sure he [husband of one of alleged rape victims] has been searched before you allow him here by the window. He is liable to take a pot-shot at this man. He is rather irate."

confession extorted by mental coercion is as involuntary as one extorted by violence or threats of violence. See Jackson v. Denno, 378 U.S. 368, 389–390, 84 S.Ct. 1774, 12 L.Ed.2d 908 and Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126.

Appellant also argues, however, that assuming the confession to have been coerced, the plea of guilty subsequently entered was not thereby vitiated, but was freely and voluntarily given.

Concerning the plea of guilty, the district court found that the police did not take Holland before a magistrate following his written confession. Instead, a few hours after the confession was given, they took him directly before a state circuit judge. After the judge explained to Holland his constitutional rights, Holland waived indictment and his right to counsel. He then entered his plea of guilty and consented to an immediate sentencing. Within twelve hours of his arrest, Holland stood convicted and sentenced.

Based upon these facts the district court further found:

> " * * * the speed with which Holland was brought before the Court after a sleepless night of constant interrogation, leave no room for the State's argument that his plea was free and voluntary. Holland's waiver of counsel and pleas of guilty were undoubtedly affected by the physical and mental after-effects of his harrowing night; * * *."

■ We have made an independent examination of the record with reference to the voluntariness of the plea and we conclude, as did the district court, that Holland's plea of guilty was fatally tainted by the immediately preceding coerced confession.

■ A conviction on a plea of guilty based on a confession extorted by mental coercion is invalid under the Due Process Clause of the Fourteenth Amendment. Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126.[9] The confession given by Holland having been determined to be of this nature, the problem is to determine whether the guilty plea was based thereon. The problem is analogous to that presented when a second confession, not itself imbedded in coercive circumstances, is claimed to be vitiated by an earlier coerced confession.

Concerning the successive confession problem, Justice Jackson laid down these guidelines in United States v. Bayer, 331 U.S. 532, 540–541, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654:

> "Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first. But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed."

It is apparent to us from the totality of circumstances in our case that the conditions which rendered Holland's confession involuntary had not been substantially removed at the time he entered his plea of guilty. Within two or three hours after the coerced confession had been given, a state circuit judge received

---

9. See, also, Wright v. Dickson, 9 Cir., 336 F.2d 878, 882. Appellant argues that the facts in the case before us came nowhere close to the flagrant abuses alleged in Com. of Pa. ex rel. Herman v. Claudy. However, we do not cite this case because of any supposed similarity of facts, but because of the principle there announced.

Holland's plea of guilty, entered a judgment of conviction thereon, and imposed a twenty-year sentence.[10] He was without a friend in court. He was never out of the presence of law enforcement officers during this period.

While the state judge inquired of Holland whether he voluntarily waived a grand jury, he was not asked whether his plea of guilty was voluntary, nor whether the written confession was voluntary.[11] Moreover, Holland was given no explanation of the elements of the crime charged, nor of the maximum possible sentence which could be imposed. While Holland, who was then thirty-three years old, had a fair education, including about a year and a half of college, he had also been in a Washington mental institution during part of an eighteen-month prior prison sentence.

■ Although we agree with the district court that Holland's present rape conviction cannot stand, we believe Oregon should be afforded an opportunity to rearraign Holland and, if he pleads not guilty, bring him to trial on the rape charge. At such a trial neither the confession, nor any incriminating statements made during the interrogation, nor any of the fruits thereof, may be used.

■ Following the course adopted in Rogers v. Richmond, 365 U.S. 534, 549, 81 S.Ct. 735, 5 L.Ed.2d 760, the case is remanded to the district court to be held in order to give Oregon the opportunity to follow this procedure within a reasonable time. In default thereof, appellee is to be discharged. As so modified, the district court order is

Affirmed.

---

10. In response to inquiries by the state circuit judge, Holland stated that he did not want an attorney, that he voluntarily gave up his right to a grand jury, and that he wanted to enter his plea at that time rather than accept the offer of a postponement. After the plea of guilty had been received, Holland was advised by the court that he had the right to wait two days before imposition of sentence. He asked for an immediate sentence, however, commenting that he had a wife and three children " * * * and I am trying to get them out of the area, and I would just as soon have as little notoriety as possible."

11. At the time the plea was received and sentence was imposed, the state court was not advised of the manner in which the confession had been obtained nor how recent it was.