**William E. LYDY**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections.**

**Civ. A. No. CA 3–1768.**

United States District Court
N. D. Texas,
Dallas Division.

June 27, 1967.

George Bramblett, of Akin, Vial, Hamilton, Koch & Tubb, Dallas Tex., for petitioner.

Crawford C. Martin, Atty. Gen., of Tex., Gilbert J. Pena, Asst. Atty. Gen., Austin, Tex., for respondent.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Petitioner in this habeas corpus proceeding, William E. Lydy, is confined in the Texas Department of Corrections serving sentences under five convictions for robbery.

On March 26, 1962, Lydy was found guilty by a jury in Cause No. D–6978–IH in Dallas County and his punishment assessed at five years. Thereafter, on April 17, 1962, a Dallas County jury found him guilty in Cause No. D–6063–IH and set his punishment at 35 years confinement in the penitentiary. The court in the latter case ordered these sentences to run consecutively.

On May 21, 1962, the petitioner entered pleas of guilty in cases numbered D–6977–IH and D–6976–IH, also in Dallas County. The trial court assessed a punishment of 40 years in each case and ran these two sentences concurrent with the sentences imposed in D–6978–IH and D–6063–IH.

Lydy was then incarcerated in the Huntsville penitentiary. On December 7, 1962, he was taken from Huntsville to Waco, Texas, in McLennan County, where he entered a plea of guilty in Cause No. 15037. The court sentenced him to 17 years, such sentence to run concurrent with his previous sentences.

Petitioner attacks the validity of his convictions in all five cases on the grounds that (1) he was aggrieved by an unreasonable search and seizure, the fruits of which were introduced into evidence against him in the two cases in which he pleaded not guilty; (2) these illegal fruits were used by the police to extract involuntary confessions from him which were offered in evidence against him; and (3) the three guilty pleas were induced by the illegal evidence and involuntary confessions so as to render such pleas void.

It is well settled that where a habeas corpus petitioner is in custody under more than one judgment and sentence, the validity of any one such judgment and sentence will render the petitioner's application premature and preclude him from obtaining the relief he seeks. McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934); Brown v. Beto, 377 F.2d 950 (5 Cir. 1967); Wilson v. Gray, 345 F.2d 282 (9 Cir. 1965); Crawford v. Taylor, 290 F.2d 197 (10 Cir. 1961).

Because a guilty plea is conclusive as to the defendant's guilt, admits all the facts charged, and waives all non-jurisdictional defects in the prior proceedings against him, Busby v. Holman, 356 F.2d 75 (5 Cir. 1966), petitioner's burden in vitiating the convictions in which he plead guilty is necessarily greater than in those cases in which he plead not guilty. For this reason the guilty pleas wil be first considered. If any of these convictions are valid, the application for habeas corpus must be dismissed.

Petitioner does not allege that his guilty pleas should be voided merely because the state had previously obtained a

confession from him which he claims is involuntary, Brown v. Beto; Busby v. Holman, supra, but rather contends that the involuntary nature of the confession, together with the knowledge on his part that the state would use the confession against him if he plead not guilty as it had in his previous trials, created such duress upon his mind that his guilty pleas were the product of coercion. Smith v. Wainwright, 373 F.2d 506 (5 Cir. 1967); Doran v. Wilson, 369 F.2d 505 (9 Cir. 1966); Gladden v. Holland, 366 F.2d 580 (9 Cir. 1966).

Lydy was arrested on the evening of February 22, 1962, by an officer of the Grand Prairie Police Department. The records in Cases D–6978–IH and D–6063–IH reflect that on that evening Lydy was seen by the officer as he ran a red light. After issuing Lydy a citation, the officer searched his car and found a loaded gun, a mask, and $165.00 in cash concealed in the automobile.

On February 22, February 23, and February 25, Lydy gave confessions to the four Dallas County robberies. At the evidentiary hearing, he testified that on March 13, an officer of the Waco Police Department, Joe Rodriguez, visited him in the Dallas jail. At that time Rodriguez told him that he had a Waco robbery he wanted to get cleared up. Petitioner replied that he knew nothing of a Waco robbery. Rodriguez then told him that he had the goods on him and that his method of operation was the same in both Dallas and Waco. Lydy testified that the officer told him that since the Dallas courts were going to give him time for the offenses in that county, if he would just give him a confession to the Waco robbery he would not be indicted in that city. Rodriguez' only purpose in this respect was "to get his cases solved." Lydy confessed.

When petitioner arrived in Waco on December 7 to stand trial for the confessed robbery in that city, the court appointed him an attorney. Lydy told the attorney that he was not to have been indicted for that offense, whereupon the lawyer conferred with the judge on the matter. The judge told petitioner that the law did not permit such deals and that he would have to stand trial. Following this conversation with the judge, Lydy entered a plea of guilty. Neither Rodriguez, the court-appointed attorney, nor the trial judge testified at the evidentiary hearing. Petitioner's testimony was uncontradicted.

In Gladden v. Holland, 366 F.2d 580 (9 Cir. 1966), the petitioner was arrested at 11:00 P.M. for the offense of rape. He was questioned continuously until 4:00 A.M., at which time he confessed. A few hours later, he was taken before a state circuit judge where he waived presentment of an indictment and his right to counsel. He entered a plea of guilty and consented to an immediate sentencing. Within twelve hours of his arrest he stood convicted and sentenced.

In affirming the district court's discharge of petitioner the Ninth Circuit said, at 366 F.2d 583:

"A conviction on a plea of guilty based on a confession extorted by mental coercion is invalid under the Due Process Clause of the Fourteenth Amendment. * * * The confession given by Holland having been determined to be of this nature, the problem is to determine whether the guilty plea was based thereon. The problem is analogous to that presented when a second confession, not itself imbedded in coercive circumstances, is claimed to be vitiated by an earlier [coerced] confession * * * It is apparent to us from the totality of circumstances in our case that the conditions which rendered Holland's confession involuntary had not been substantially removed at the time he entered his plea of guilty."

Even assuming that petitioner was truthful in relating the events as they occurred with Rodriguez on March 13, and adding the assumption, but without decision, that the previous four confessions given the Dallas authorities were coerced, it nonetheless is incredible that almost nine months thereafter the totality of these circumstances should continue

to so substantially overbear the will of petitioner as to render his plea of guilty nugatory. The trial judge in Waco was most cautious in accepting petitioner's plea of guilty.[1] Lydy had ample time to consult with his court-appointed counsel, whom he does not now claim was incompetent. If he had any objections to his being brought to trial on this offense notwithstanding the alleged substance of his conversation with Rodriguez, he was given every opportunity to voice such objections by the careful trial judge. The fact that Lydy was, at the time of this plea, incarcerated in prison under concurrent forty-year sentences does not serve as a basis, either independently or within the totality of the cicumstances of this case, for determining that his Waco guilty plea was the product of duress. This is so, even though assuming that the four prior convictions are void on the theory of coerced confessions.

■■ The only requirement the Supreme Court has set forth is that the plea be truly voluntary. Williams v. Beto, 354 F.2d 698 (5 Cir. 1965); Cooper v. Holman, 356 F.2d 82 (5 Cir. 1966); Martin v. United States, 256 F.2d 345 (5 Cir. 1950), cert. denied, 358 U.S. 921, 79 S.Ct. 294, 3 L.Ed.2d 240. Notwithstanding that these prior convictions may have been obtained by constitutionally impermissible methods, I cannot find under the facts of this case that petitioner's confinement under such convictions caused him to give up the ship in Waco and enter a plea of guilty. As observed by the Ninth Circuit in Doran v. Wilson, 369 F.2d 505, at 507 (1966) "a defendant's primary motivation in pleading guilty, regardless of what has gone on before, may be his own knowledge of his guilt and a desire to take his medicine." Lydy's plea of guilty in Waco was of his own volition. He cannot now seek to void his voluntary act.

Because of the disposition herein made, it will be unnecessary to consider petitioner's remaining contentions.

Accordingly, the application for writ of habeas corpus will be dismissed as premature. Nothing herein shall be construed as preventing the petitioner from making application for another writ at such time as he shall have served the remainder of his 17-year sentence under the Waco conviction.

1. COURT: How do you plead?
DEFENDANT: Guilty.
COURT: Have you had an opportunity to discuss this matter with Sam Jones, who was appointed by the Court to represent you?
DEFENDANT: Yes, sir.
COURT: Do you need additional time to discuss it with him?
DEFENDANT: No, sir.
COURT: Now, what I want to try to find out from you is whether or not you understand fully the nature of your plea of guilty. Do you plead guilty because you are guilty or for some other reason?
DEFENDANT: Because I am guilty.
COURT: Do you understand that you are entitled to have a jury and plead not guilty if you want to?
DEFENDANT: Yes, sir.
COURT: Or you could have a jury and plead guilty and either way, if they found you guilty, or if you plead guilty, they would assess your punishment rather than me assessing your punishment. Do you understand that?
DEFENDANT: Yes, sir.
COURT: In view of this do you still desire not to have a jury, but to have me hear the case instead of the jury?
DEFENDANT: Yes, sir.
COURT: Do you plead guilty by reason of fear?
DEFENDANT: No, sir.
COURT: Promise? Anybody promise you anything?
DEFENDANT: No, sir.
COURT: Anybody persuade you, tell you you ought to plead guilty?
DEFENDANT: No, sir.
COURT: Do you plead guilty feeling that the Court will not give you any punishment?
DEFENDANT: No, sir.
COURT: Then you fully understand what you're doing?
DEFENDANT: Yes, sir.
COURT: All right. I will accept your plea of guilty at this time. You may have a seat.