Argued April 6, affirmed September 22, petition for rehearing
denied October 19, 1965

# STATE OF OREGON *v.* SHANNON

405 P. 2d 837

*John W. Osburn,* Eugene, argued the cause for appellant. On the brief were Riddlesbarger, Pederson, Brownhill & Young, Eugene.

*William F. Frye,* District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell,* Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

This is an appeal from a conviction of violating ORS 163.280 (assault with intent to kill). The only question is whether it was error to receive evidence of incriminating statements made by the defendant to the arresting officers.

The defendant and another man were caught by police in the act of looting a grocery market. Both burglars were armed. The defendant's confederate exchanged shots with an officer, and was killed. The defendant thereupon threw down his pistol and surrendered.

An officer testified:

"I asked the defendant if he thought that Mr. Morris [the deceased] would have shot me if I had not seen him, and he said he did."

The officer further testified:

"And he also said that—pardon me, that Mr. Morris had told him before that he would never be taken alive."

■ The state concedes that the defendant had not been advised of his right to remain silent, or of his right to counsel. Such advice prior to interrogation is now required. *State v. Neely,* 239 Or 487, 395 P2d 557 (1964), on petition for rehearing, 239 Or 494, 398 P2d 482 (1965). See also *Escobedo v. Illinois,* 378 US 478, 84 S Ct 1758, 12 L Ed2d 977 (1964).

---

* O'Connell, J., did not participate in the decision in this case.

At the trial, the defendant's statement concerning his opinion of the state of mind of his confederate came into evidence as an admission. Because the trial was had prior to the publication of the decision in *Escobedo v. Illinois,* supra, neither counsel had reason to suppose that an objection upon constitutional grounds would be sustained. Under these circumstances, we have held that failure to object does not preclude review upon appeal. *State v. Clifton,* 240 Or 378, 401 P2d 697 (1965).

In *State v. Neely,* we held that incriminating statements obtained by interrogation of a suspect after his arrest and before he had been advised of his rights under the Fifth and Sixth Amendments could not be received in evidence. The defendant contends that the questioning which we have described falls under the exclusionary rule set forth in *Neely.* He is saying, in effect, "If I had been advised of my rights I would not have talked." The state contends that the *Neely* rule does not apply because the police were not interrogating the defendant for the purpose of eliciting a confession. The state argues that the officers were simply investigating a crime which was being committed in their presence.

It would appear that the Fifth and Sixth Amendments, as interpreted in *Escobedo* and in *Massiah v. United States,* 377 US 201, 84 S Ct 1199, 12 L Ed2d 246 (1964), express a constitutional policy which protects the individual against coercive police practices by excluding evidence obtained by such practices.

Underlying the reasoning in *Escobedo* is the lesson of history that unchecked police interrogation leads to coercive practices. The Fifth Amendment is predicated upon that lesson. To prevent coercive practices,

it is now the law in this state that the police may not, after they arrest a person, seek to elicit a confession from him until after he has been advised of, and has waived, his absolute right to remain silent and to have an attorney at his side if he wants one. *State v. Keller,* 240 Or 442, 402 P2d 521 (1965); *State v. Neely,* supra.

■ Measured against the Fifth and Sixth Amendments, it is clear that the dangers of coercion are minimal when an officer comes upon the scene of a crime and questions the persons present to find out what is going on. Such an investigation is not, in any constitutional sense, an attempt to elicit a confession. Neither the *Escobedo* case nor the *Neely* case was intended to prevent legitimate police investigation. Where there is no coercive conduct by the officers, and no attempt to take unfair advantage of a suspect, the police are entitled to investigate the crime and to use the evidence so obtained, whether the evidence consists of loot, fingerprints, or statements made by a suspect during the commission of the crime or immediately thereafter while the officers are investigating the crime.

■ Obviously it is not possible in a single case to lay down absolute tests for what is and what is not constitutionally permissible police investigation. It should be noted, however, that the matter is not merely a question of time and space. Thus, the police have no license, for example, to question prisoners for a stated period of time, or at a stated place, such as the scene of the crime. The test is a functional one. In each case the court must decide whether the police were, by their questioning, coercing or seeking to take advantage of a prisoner's ignorance to cause him to give evidence

against himself before warning him of his right to refrain from doing so.

■ We hold, on the facts of this case, that there was nothing coercive or offensive to the Fifth or Sixth Amendment in the question the officer asked the defendant about the intentions of the deceased burglar. See *People v. Stewart,* 43 Cal Rptr 201, 400 P2d 97 (1965); *People v. Modesto,* 42 Cal Rptr 417, 398 P2d 753, 759 (1965); Enker and Elsen, *Counsel for the Suspect,* 49 Minn L Rev 47, 71 (1964).

There was no error in receiving the challenged statement.

■ Error is also assigned to receiving, over a general objection, evidence of other conversations which the police had with the defendant at the scene of the crime. In these later conversations, the defendant described to the officers in considerable detail how he and his confederate had planned and executed the burglary. All these conversations were objected to as irrelevant. The defendant subsequently pleaded guilty to the burglary, and there was no reason to bring into the assault case any admissions concerning the burglary. The statements, if offered in a burglary case, would have been relevant, but they would have been subject to possible challenge upon the constitutional grounds later set forth in *State v. Neely,* supra. The statements about the burglary were largely irrelevant in a trial upon an indictment charging an assault. Accordingly, the assignments of error are technically correct.

We hold, however, that the errors in permitting the use of irrelevant and colorably unconstitutional testimony resulting from the interrogation of the defendant about the burglary were not prejudicial to the

defendant in the assault case. Accordingly, they constitute no basis for a reversal of his conviction.

The opening statements of counsel are not reported, but it is clear from the colloquy of counsel during trial that the defendant has always conceded his part in the burglary. The theory upon which the assault case was defended was that the defendant, although manifestly a burglar, did not share in his dead confederate's desperate plan to use firearms against the police. The only real issues in the case were whether an assault was in fact committed by the deceased burglar and, if so, whether the defendant was a principal in the commission of such an assault. The jury was fully and carefully instructed upon these issues. While the jury was not specifically instructed to disregard the immaterial evidence about the burglary which had been brought into the case by the state, it is obvious that the defendant's defense was not prejudiced by the production of the unnecessary evidence. There was no request that the jury be instructed to disregard the surplus evidence. Since the defendant was caught in the act of burglary, and since he had made no attempt to deny that crime, the error in prolonging the trial was harmless.

The only admission that was damaging to the defendant was not produced by improper police interrogation. We find no error which would justify another trial.

Affirmed.