**Michael H. GROVE, Appellant,**

v.

**Lawrence E. WILSON, Warden, etc.,**
**Appellee.**

No. 20882.

United States Court of Appeals
Ninth Circuit.

Nov. 7, 1966.

Michael H. Grove, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., Frank C. Damrell, Jr., Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and CECIL,* Senior Circuit Judge.

CECIL, Senior Circuit Judge.

■ This is an appeal from an order of the United States District Court for the Northern District of California, Southern Division, denying the appellant's petition for a writ of habeas corpus. Jurisdiction of the District Court rests upon Section 2241(a), (c) (3), Title 28, U.S.C., which provides that a writ of habeas corpus may be granted to a petitioner who is held "in custody in violation of the Constitution * * * of the United States." To invoke the jurisdic-

tion of the District Court, a petitioner held in custody pursuant to the judgment of a state court must show that he has exhausted the remedies available to him by the courts of that state. (Section 2254, Title 28, U.S.C.)

■ The appellant herein, whom we will refer to as the petitioner, pleaded guilty in the Superior Court of San Diego County, California, to a charge of murder, which upon proof, the Court fixed as murder in the first degree. He was sentenced to imprisonment for life and is now confined at the California State Prison, San Quentin, California. Petitions for habeas corpus in the Superior Court of Marin County and in the Supreme Court of California were denied without opinions. The petitioner has thus exhausted the remedies available to him in the state courts.

The petitioner, upon leave granted by the court, filed his petition in the District Court in forma pauperis. The district judge denied the petition without a hearing but issued a certificate of probable cause (Section 2253, Title 28, U.S.C.) and granted the petitioner leave to appeal in forma pauperis. (Section 1915(a), Title 28, U.S.C.) This Court has jurisdiction of the appeal by virtue of Section 2253, Title 28, U.S.C.

The question before us is whether the petition alleges facts which, if proven, would constitute a violation of petitioner's federal constitutional rights. Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770.

Briefly stated, the petitioner alleges that within an hour after his arrest he was taken to an interrogation room where in a lengthy interrogation he was questioned concerning the crime; that he was told that he would be charged with first degree murder and that he would probably go to the gas chamber if he failed to cooperate; that after threats and promises of leniency, if he would cooperate, he confessed to knowledge of the

---

* Lester L. Cecil, Senior Circuit Judge, Sixth Circuit, sitting by designation.

crime;[1] that on August 2, 1962, he was taken to court in the City of El Cajon for arraignment and that a lawyer was appointed to represent him; that his counsel visited him on an average of once weekly and urged him to plead guilty; that on August 30, 1962, (or October 30, 1962, both dates appearing in the petition) he appeared in court with his attorney and pleaded guilty; and that he was not advised by the court or his counsel of the seriousness of his plea of guilty, of his right under the law to a probationary hearing, of his right to be represented by counsel and of his right to remain silent with a warning that anything he said could be used against him.

It should be noted that the petitioner does not allege that he confessed to any facts beyond those he still asserts to be true according to the recitation of facts in his petition. Neither is there any allegation that the guilty plea was prompted by fear that the alleged coerced confession would be used at a subsequent trial.

■■■ The petitioner seeks to bring his case within the rule announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, decided June 22, 1964. This rule is not applicable to the petitioner's case, since the court held in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, that it was applicable only to cases where the trial began after June 22, 1964. However, the court held that the question of coerced confession was available to persons whose trials had already been completed, provided that the procedural prerequisites for direct or collateral attack are met. See Johnson v. State of New Jersey, supra, at p. 730, 86 S.Ct. 1772. The allegations of the petition, with respect to the charge of a coerced confession, are vague, conclusory and are not sufficient to require a hearing for the determination of a coerced and involuntary confession. See United States ex rel. Vaughn v. LaVallee, 318 F.2d 499 (2d Cir.).

■■■ Considering the law as it existed at the time the petitioner pleaded guilty and the facts as alleged in the petition, we cannot say that counsel for the petitioner, in advising him to plead guilty, did not exercise the skill and judgment required of a lawyer well trained in his profession. A conviction will not be set aside for ineffective representation of counsel unless the service of counsel was of such a caliber as to amount to a farce or mockery of justice. See Bouchard v. United States, 344 F.2d 872, 874 (9th Cir.); Lyons v. United States, 325 F.2d 370, 377 (9th Cir.), cert. den. 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed. 2d 738. Furthermore we cannot find from an examination of the petition that the petitioner was denied any rights relative to probation under section 1203 of the California Penal Code.

We conclude that the petition does not allege "facts which, if proved, would entitle him (petitioner) to relief" (Townsend v. Sain, supra), or facts which show a violation of any of the petitioner's federal constitutional rights.

Affirmed.

---

1. On the night of the murder which is the subject of the petitioner's conviction he entered a bar in San Diego where he met a lady and gentleman with whom he had some conversation and social drinks. Following some games of shuffleboard, the lady left the bar. The petitioner followed her outside and took her to two other bars for more drinks. After driving about town for a while the petitioner drove seven or eight miles out of town where he attempted to seduce his companion. She called him a name and he alleges that at this point he lost his sense of reasoning and he recalls hitting her but recalls little else regarding the incident. The petitioner's arrest followed within a few days after this incident. (From petitioner's statement of facts in his petition.)