Leopold Joseph DORAN, Appellant,

v.

Lawrence E. WILSON, Warden, San Quentin Prison, Appellee.

No. 20626.

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1966.

Leopold Joseph Doran, in pro. per.

Thomas C. Lynch, Atty. Gen. of California, Robert R. Grannucci, John F. Kraetzer, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

DUNIWAY, Circuit Judge:

Doran pleaded guilty in California Superior Court to a charge of burglary,

**506**

second degree (Cal.Pen.C. § 459). He was committed, on February 24, 1964, to the California Rehabilitation Center at Riverside, pursuant to former Cal.Pen. C. § 6451, now Cal.Welf. & Inst.Code § 3051. Less than a month later, he sought habeas corpus from the California courts and was released and remanded to the court in which he was convicted. He was then, on June 23, 1964, sentenced for the term prescribed by law. He is now serving that sentence.

On September 7, 1965, he filed in the United States District Court a petition for a writ of habeas corpus. He has exhausted his state remedies. The court denied the petition without a hearing and Doran appeals.

The petition, like most prisoner documents, is not artfully drawn, but it is better than most of them. We quote in the margin those of its allegations that can be said to be factual rather than merely argumentative.[1] We think that these allegations amount, in substance, to a claim that his confession was coerced, both because of the circumstances under which it was obtained and because of his being under the influence of drugs, and that his guilty plea was brought about by or induced by the confession. They also charge that his plea was involuntary because he did not fully understand its consequences. The trial judge, however, denied the petition in reliance on Thomas v. United States, 9

1. "On or about December 23, 1963 petitioner was arrested in San Francisco and charged with sections 459 and 496 of the Penal Code. Petitioner was not informed of his right to an attorney or his right to remain silent. Arresting officer and his partner refused to allow petitioner a telephone call to an attorney. Petitioner made a statement of guilt to the arresting officers while under the influence of drugs and after over three hours of intensive interrogation.

"On or about December 28, 1963, petitioner entered a plea of 'Not Guilty' in Municipal Court. He continued his plea into Superior Court (12) the Honorable Judge H. J. Neubarth presiding and requested a trial by jury. Later petitioner under pressure withdrew plea of not guilty and entered 'Plea of Guilty'."

He then recites the commitment under section 6451 and the remand to the court for sentencing.

"Back in Superior Court (12) petitioner presented prior to sentencing a motion for dismissal on grounds that further prosecution would constitute double punishment, and a Motion for a change of plea under Section 1018 of the Penal Code on grounds that the plea had been entered as a result of coercion and Duress. Motions were both denied without any sort of investigation into the grounds therein." * * *

"Petitioner was not informed of his right to councel [sic] or his right to remain silent, neither by the arresting officers, nor by the interrogating officers during later interrogations. During the first interrogation by arresting officers petitioner was denied by officer Kellog and his partner the right to telephone a

lawyer, not certain that this was a right and despite fear of the officers, petitioner did request an attorney again and after being refused repeatedly, petitioner stopped trying, and later during this same interrogation did make a verbal statement of guilt which was later in part instrumental in causing petitioner's case to be bound over to the Superior Court, where it was again brought into the proceedings to show that petitioner had already admitted the burglary.

"The fact that petitioner had been under the influence of drugs at the time of his arrest, and that petitioner was known as a drug addict to the police was constantly stressed in order to prejudice the court further against petitioner * * *."

"In the case at bar, petitioner pled guilty, a plea brought about through coercion and fear * * *."

"Petitioner, as the records will clearly reveal, entered the plea of guilty in return for a commitment to the California Rehabilitation Center. However petitioner was not aware at that time, that the burglary conviction was to be held in abeyance for further action in the event that he managed to be discharged from the commitment, he was also unaware that the so called commitment was in effect and practice a seven year sentence. In short petitioner very definitely did not fully unstand [sic] the consequences of what could and did result in his plea of guilty." * * *

"The belief that his verbal statement of guilt unconstitutionally obtained would be used against him in a trial to bring about a verdict of guilty was in large part responsible for petitioners plea of guilty."

Cir., 1961, 290 F.2d 696 and Wallace v. Heinze, 9 Cir., 1965, 351 F.2d 39.

*Thomas* stands for the proposition that:

"When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses, including the defenses raised by this motion. * * * The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities."

The rule has been repeatedly followed by this court.[2] But there is another side to this legal coin. We have several times held that a guilty plea, "induced" by a coerced confession, or in some other respect not truly voluntary, cannot stand.[3] The basis for these decisions is that a guilty plea must not be a product of violation of fundamental constitutional rights. The distinction is that if such a violation is not claimed to be, or, if so claimed, is not what induced the plea, then reliance upon the violation in habeas corpus by the one who pleaded guilty is not justified because it is the plea, not the deprivation of constitutional right, that brought about the conviction, while the plea can be upset if it was induced by the violation.

■ It can be argued that in every case where the government has obtained evidence by conduct that violates the Fourth Amendment, or has obtained statements in a manner that violates the Fifth and Sixth or either of them, its possession of such evidence will necessarily enter into a defendant's decision to plead guilty. But a decision to plead guilty can still be free and voluntary under these circumstances, and that is all that is required.[4] A defendant's primary motivation in pleading guilty, regardless of what has gone on before, may be his own knowledge of his guilt and a desire to take his medicine. As the cited cases indicate, whether he was so motivated may be a question as to which he is entitled to a hearing by the habeas corpus judge. We think that this is such a case.

■ Doran's plea was entered in February of 1964. Thus violation of the rules laid down in Escobedo v. State of Illinois, 1964, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, and Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 would not, in and of itself, render his confession inadmissible. Johnson v. State of New Jersey, 1966, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882. But such violation is still to be considered in determining whether the confession was voluntary. Id., 384 U.S. at pp. 730–731, 86 S.Ct. 1772.[5]

■ There is nothing in Doran's contention that his plea was invalid because it was entered in return for a commitment to the California Rehabilitation Center. The bargain, if bargain there was, was carried out.[6] Moreover, the bargain was thereafter rescinded at his own instigation through state habeas corpus proceedings. Nor does Doran present any facts showing that the state court erred in denying his motion to change his plea. If the plea was validly entered, denial of a subsequent motion to change it would not, without more, raise a federal question. If the plea is found invalid, denial of the motion would become immaterial. His claim that there is some inconsistency between former California

---

2. Gilmore v. People of State of California, 9 Cir., 1966, 364 F.2d 916, 918 and cases there cited.

3. Thomaston v. Gladden, 9 Cir., 1964, 326 F.2d 305; Wright v. Dickson, 9 Cir., 1964, 336 F.2d 878; Gilmore v. People of State of California, supra, n. 2; Gladden v. Holland, 9 Cir., 1966, 366 F.2d 580.

4. See Waley v. Johnston, 9 Cir., 1943, 139 F.2d 117; Grove v. Wilson, 9 Cir., 1966, 368 F.2d 414.

5. See also Gladden v. Holland, supra, n. 3; McGarrity v. Wilson, 9 Cir., 1966, 368 F.2d 677.

6. Gilmore v. People of State of California, supra, n. 2; Cortez v. United States, 9 Cir., 1964, 337 F.2d 699.

Penal Code section 6451 and section 459 of that code is plainly wrong and in any event presents no federal question. His attack upon the validity of section 6451 is moot; he is not held under that section.

Reversed and remanded for further proceedings consistent with this opinion.