Richard E. SMILEY, Petitioner and Appellant,

v.

Lawrence E. WILSON, Warden, California State Prison, San Quentin, California, Respondent and Appellee.

No. 21134.

United States Court of Appeals Ninth Circuit.

April 11, 1967.

Rehearing Denied May 17, 1967.

---

Richard E. Smiley, in pro. per.

Thomas C. Lynch, Atty. Gen., State of California, Robert R. Granucci, John T. Murphy, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and BYRNE, District Judge.

HAMLEY, Circuit Judge.

Richard E. Smiley, in California penal custody under three independent judgments and sentences, filed three applications for writs of habeas corpus attacking these judgments and sentences. The three applications were consolidated in one district court proceeding. An

order to show cause was issued, the warden filed a return thereto, and Smiley, proceeding pro se, filed a traverse. Thereafter, and without holding an evidentiary hearing, the district court entered an order denying all three applications. This appeal followed.

Smiley's first application for a writ of habeas corpus relates to his conviction, on May 16, 1951, in Case No. 143645. Smiley was convicted of first degree burglary under California Penal Code, sec. 459, after a plea of not guilty and a non-jury trial. He was sentenced to imprisonment for from five years to life. On October 29, 1951, probation was granted and he was released from custody. On May 11, 1956, after he had been convicted of two felonies in Case No. 156591, to be discussed below, probation in Case No. 143645 was revoked and it was ordered that his sentence therein run concurrently with those imposed in Case No. 156591.

Smiley's second application for a writ of habeas corpus relates to his conviction on November 3, 1955, in Case No. 156591, of kidnapping under California Penal Code, sec. 207, and of child molesting, under California Penal Code, sec. 288. These convictions were obtained on a plea of guilty. He was sentenced to imprisonment for from one to twenty-five years on the kidnapping count, and from one year to life on the child molesting count, the sentences to run concurrently.

Smiley's third application for a writ of habeas corpus relates to his conviction, on October 10, 1963, in Case No. 261469, of child molesting under California Penal Code, sec. 288, after a plea of not guilty and a non-jury trial. He was sentenced to imprisonment for from one year to life, which term was ordered to run concurrently with "time owed."

■ The district court considered the merits of only one of Smiley's habeas

petitions, Case No. 156591, in reaching its decision to deny all three habeas petitions. The court held that the convictions in Case No. 156591 were not invalidated on any of the grounds advanced by Smiley. The court concluded that since Smiley was legally committed pursuant to the convictions for the crimes charged in that case, it was unnecessary, in view of the doctrine of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, to consider the validity of the other two convictions.[1]

The correctness of the district court's action therefore depends upon the district court's disposition of Case No. 156591. In his application directed to the convictions and sentences in that case, as supplemented by his traverse to the warden's return, Smiley urged three basic grounds for relief. One ground pertained to an alleged unlawful search and seizure, another concerned an asserted failure to advise Smiley of the rights announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and the third related to a plea of guilty which Smiley urged was involuntarily given.

■ Concerning the search and seizure ground, Smiley alleged in his application relating to the conviction in Case No. 156591 that the police had broken into his home without a warrant, arrested him and seized evidence from his car. However, his assertion that this allegedly illegal search and seizure invalidated his conviction in Case No. 156591 is without merit because the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, upon which Smiley necessarily relies, announced on June 19, 1961, is not to be applied retroactively. See Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601.

■ With regard to the asserted failure of the police to advise him of his

---

1. The doctrine announced in McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 precludes the issuance of a writ when release from confinement would not result because the applicant is held on a separate and valid conviction.

rights, Smiley contended in his habeas petition in Case No. 156591 that while in police custody, he was not advised of his right to remain silent, nor was he informed that he was entitled to the assistance of counsel during police interrogation. Smiley contended, in effect, that this action by the police violated the principles laid down by the Supreme Court in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 decided on June 13, 1966. This ground is also without merit, however, because the *Miranda* rule is not to be applied retroactively Johnson v. State of New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed. 882.[2]

With respect to his third asserted ground for relief pertaining to a coerced plea of guilty, Smiley made the following allegations in his application in Case No. 156591:

"Petitioner was held in communicado [sic] for two weeks. He was physically and mentally coerced before he was charge [sic] with Kidnapping and Child Molesting, and taken to Municipal Court * * *. The petitioner was forced to sign a type written [sic] statement which was used in court."

In support of his coercion charge, Smiley further alleged in his application that he had been interrogated by the South Gate city police for a period of two weeks. During that time, he asserted, the police asked questions while they physically beat him and gave him "all kinds of 3rd degree to get a confession."

In his traverse to the warden's return, Smiley added allegations which indicated that his contention that the guilty plea was involuntary is predicated on the above averments concerning the obtaining of the confession. In effect, he alleged that the plea of guilty was primarily motivated by the coerced confession which was obtained from him.[3]

In his return, the warden did not deny Smiley's allegations that the confession was coerced. In the warden's return, which was directed to all three applications, it was pointed out that " * * * petitioner does not assert that any objection was made to the allegedly involuntary confessions introduced in the court trials." It may be that this is an accurate statement with regard to the other two applications, each involving a trial after a plea of not guilty. However, it is not responsive to the coerced plea issue in Case No. 156591, now under discussion, because in that case Smiley pled guilty and there was no trial at which a confession could have been introduced in evidence.

The warden further asserted in his return and argues here, however, that Smiley's guilty plea in Case No. 156591, foreclosed consideration of any constitutional issues arising out of the allegedly coerced confession obtained in that case.

As indicated above, however, Smiley alleged that his plea of guilty had been motivated by the giving of a coerced confession or incriminating statement. Although the existence of a coerced confession does not necessarily invalidate a conviction based upon a subsequent plea of guilty, the existence of such a confession is to be considered in determin-

2. Although Smiley relied upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, the constitutional rights to which he refers above are specifically announced in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In any event, any rights which Smiley could assert under the *Escobedo* decision would not aid his attempt to invalidate his 1955 conviction in Case No. 156591, because *Escobedo*, decided on June 22, 1964, may not be retro-

actively applied. See Johnson v. State of New Jersey, supra; Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895.

3. The district court indicated that it so understood the application and traverse, read together. In the court order under review, after summarizing Smiley's allegations concerning the coerced confession, the court added: "As a result of the aforesaid, petitioner contends he was coerced into pleading guilty."

ing the voluntariness of the plea if it is alleged that the confession motivated the plea. This being the case, the plea of guilty in Case No. 156591 does not preclude Smiley from raising the coercion argument in his habeas petition as a basis for the averment that the plea of guilty was involuntary. See Com. of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 118, 76 S.Ct. 223, 100 L.Ed. 126; Doran v. Wilson, 9 Cir., 369 F.2d 505, decided on December 5, 1966; Gladden v. Holland, 9 Cir., 366 F.2d 580, 583; Bell v. State of Alabama, 5 Cir., 367 F.2d 243, 246.[4]

The district court did not reject the coercion argument pertaining to Case No. 156591 on the ground relied upon by the warden. Instead, it rejected the coercion contention on the following line of reasoning: (1) Smiley's reasons for asserting that he had ineffective counsel are patently absurd; (2) it must therefore be assumed that he had competent counsel who made an independent examination of the facts and law and offered petitioner his informed opinion as to what plea he should enter; and (3) therefore, applicant has not demonstrated that he did not enter a voluntary plea of guilty upon advice of counsel.

█ In our opinion, neither an assumption nor a finding upon evidence that a defendant had competent counsel, warrants rejection, without a hearing, of

an issue based upon an adequate factual allegation that a plea of guilty was primarily motivated by a confession obtained by physical or mental coercion. The adequacy of counsel and the voluntariness of a plea are not sufficiently interrelated so that the proof of the first establishes, as a matter of law, proof of the second.

It was therefore error to reject, on the basis of the pleadings, the coerced confession—coerced plea contention made in connection with Case No. 156591.

█ The district court, as noted above, held that since Smiley was validly confined under Case No. 156591, it need not consider the validity of the other two convictions under the doctrine of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. However, since we must now remand Case No. 156591 for an evidentiary hearing on the merits, it is possible that Smiley's conviction in this case will be invalidated. If this should prove to be the case, the district court will then be called upon to consider one or both of the other two applications.

█ It might also be necessary for the court to consider an exception which has been carved out of the *McNally* doctrine referred to in note 1 above. Under that exception, where parole or probation from an otherwise valid earlier convic-

---

4. In support of his position that Smiley's guilty plea in Case No. 156591 foreclosed him from raising the issue of an involuntary confession, the warden quotes from our decision in Thomas v. United States, 9 Cir., 290 F.2d 696, 697, in which we said:

"The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities."

However, this statement in *Thomas* has been recently clarified by our decision in Doran v. Wilson, 9 Cir., 369 F.2d 505, decided December 5, 1966, in which this court said:

"The [Thomas] rule has been repeatedly followed by this court.[2] But there

is a another side to this legal coin. We have several times held that a guilty plea, 'induced' by a coerced confession, or in some other respect not truly voluntary, cannot stand.[3] The basis for these decisions is that a guilty plea must not be a product of violation of fundamental constitutional rights. The distinction is that if such a violation is not claimed to be, or, if so claimed, is not what induced the plea, then reliance upon the violation in habeas corpus by the one who pleaded guilty is not justified because it is the plea, not the deprivation of constitutional right, that brought about the conviction, while the plea can be upset if it was induced by the violation." (Footnotes omitted.)

tion has been revoked solely because of a subsequent conviction, a state prisoner may be discharged on a writ of habeas corpus challenging the second conviction without attacking the validity of the first conviction. See Ex Parte Hull, 312 U.S. 546, 549–550, 61 S.Ct. 640, 85 L.Ed. 1034; Arketa v. Wilson, 9 Cir., 373 F.2d 582, decided February 20, 1967; and Wilson v. Gray, 9 Cir., 345 F.2d 282, 284.[5] In order to gain the benefit of this exception, however, Smiley would have to show in the district court that revocation of his probation entered in Case No. 143645 was due solely to the convictions in Case No. 156591. See Wilson v. Gray, supra, at 284–286.

The consolidated applications must therefore be remanded for further proceedings. If, as a result thereof, and subject to the exceptions to *McNally* stated above, any one of the judgments is found to be sustainable as against these habeas challenges, then release from custody should be denied in all these proceedings. Otherwise relief should be granted.

So ordered.

BYRNE, District Judge (dissenting):

I respectfully dissent.

Not only is there no adequate factual allegation that Smiley's plea of guilty in Case No. 156591 was *primarily* motivated by a confession obtained by physical or mental coercion; he does not even allege that there was a confession.

In the initial petition filed in the district court, the facts alleged were so blended that the court could not determine which facts applied to each conviction. The petition was dismissed with leave to amend, and forms were sent to the petitioner to aid him in properly alleging the facts as to each conviction separately.

With respect to the conviction in Case No. 156591, Smiley made the following allegations in reply to the specific questions set forth in the form furnished him (grammar and spelling have not been corrected):

10. State concisely the grounds on which you base your allegations that you are being held in custody unlawfully:

(a) "Illegal Search and seizure. See Mapp -Vs- Ohio 367 U.S. 643–655 [81 S.Ct. 1684, 6 L.Ed.2d 1081], Exparte Boyd -Vs- U.S. [116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746] (1919), Exparte Weeks -Vs- U.S. [232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652] (1914)—Re Illegal Search and seizures—Using The evidence in court. Also see U.S. Constitution 4th Amendment— Warrants Illegal Searches and Seizures. California Constitution Article 1 Section 19."

(b) "Petitioner was held in communicado for two weeks. He was physically and mentally coerced before he was charge with Kidnaping and Child Molesting, and taken to Municipal Court. (Note The Law States the Police *Must* take the defendant to court 48 hours from the time that he was arrested.) The petitioner was forced to sign a type written statement which was used in court. See Escobedo -Vs- [State of] Illinois U.S. 372 Oct. Term 1963 [378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed. 977]."

(c) "Petitioner was not advised of his Constitutional Rights, or that it was his right to remain silent and sign nothing, or make no statements, or that he could have counsel during questing to protect his rights. See Malloy -Vs- Hogan [378 U.S. 1, 84 S.Ct. 1489, 12 L. Ed. 653] U.S. 110 Oct. Term 1963"

---

5. In Arketa v. Wilson, 9 Cir., 373 F.2d 582, decided February 20, 1967, this court noted that although this exception to *McNally* could free a prisoner from prison on custody under the first conviction, he would still be in "custody" on parole under the prior conviction.

11. State concisely and in the same order the facts which support each of the grounds set out in (10):

(a) "The South Gate City Police broke into petitioners home in Long Beach. This is out of their jurisdiction. They search his home and his car on private property. Evidence was used in court concerning the car's seat. The witnesses could not possitively identify the petitioner or his car or place him on the scene of the crime. The petitioner asked the police if they (the police) had a warrant, and they said they did not. Petitioner told them to get one, then they the police arrested him, without getting a warrant. The alleged victam (Age 3) testified despite the protest of the petitioner, while the parents stood by the stand, leading the witness."

(b) "The South Gate City Police interrogated the petitioner for two weeks. They asked questions while they physically beat the petitioner and gave him all kinds of 3rd degree to get a confession. See O'Neil -Vs- Vermont 144 U.S. 323–332."

(c) "The acussed must be inform of his Constitutional Rights. The police did not imform the petitioner of his Constitutional Rights. See Massiah -Vs- U.S. 374 U.S. 805 [83 S.Ct. 1698, 10 L.Ed.2d 1030]. Spano -Vs- [People of State of] N.Y. 360 U.S. 315 [79 S.Ct. 1202, 3 L.Ed.2d 1265]. Pointer -Vs- [State of] Texas [380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923] U.S. 577 Oct. Term. 1964"

The question for determination is whether the petition alleges facts which, if proven, would constitute a violation of Smiley's federal constitutional rights. It is only "where an applicant for a writ of habeas corpus *alleges facts* which, if proved, would entitle him to relief, the federal court to which the ap-plication is made *has the power* to receive evidence and try the facts anew." (Emphasis supplied) Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770.

As stated by the majority, Smiley's search and seizure allegations are with-out merit (*Mapp* not retroactive) as are the allegations regarding the failure of the police to advise him of his rights (*Miranda* not retroactive). But these are the grounds which Smiley contends rendered his plea of guilty invalid and on which he bases his assertion that he is being held in custody unlawfully.

While he alleges he "was forced to sign a type written (sic) statement which was used in court", he does not allege how it was used in court with re-lation to his plea of guilty. Neither is there any allegation that the statement included admissions of any kind or whether it was a recitation of extenuat-ing circumstances which might be con-sidered in mitigation of punishment. Having admitted the offense and entered a plea of guilty, the inference is that any statement used in court would be in con-nection with a pre-sentence report in mitigation of punishment. He also al-leges, "They asked questions while they physically beat the petitioner and gave him all kinds of 3rd degree to get a con-fession." But he does not allege "they" got a confession, nor does he allege that he confessed to any facts beyond those he still asserts to be true according to the recitation of facts in his petition. While a suspect who has been "physically beat" may have a remedy in the state courts, it is not a violation of any fed-eral constitutional right.

The majority directs attention to Smiley's traverse to the warden's return and finds that it supplements and sup-plies the deficiencies of the petition.

The traverse does not include a single allegation of fact regarding a confession or relating to any fears with which Smiley might have been obsessed at the time he entered his plea of guilty. Smil-ey's traverse is a written argument in

reply to the points and authorities attached to the warden's return. In his argument there are conclusory references to "mental coercion" and several general statements which were taken from cases which he cites. These assertions do not even approach the substance of the allegations in Grove v. Wilson, 368 F.2d 414 (C.A.9) where this court held that a hearing is not required on vague and conclusory allegations.

Neither in his petition nor in his traverse does Smiley allege that he confessed to any facts, and, of even more importance, there is no allegation that his guilty plea was prompted by fear that anything he said to the police would be used against him at a subsequent trial. That issue is simply not in the case. Smiley relies entirely on the *Escobedo* and *Mapp* cases and says so, not only when he is asked to "State concisely the grounds on which you base your allegations that you are being held in custody unlawfully", but also in the traverse to the warden's return. He states that if he is not released, Escobedo and Mapp should be returned to prison.[1] Nowhere does he allege his plea of guilty was induced by coerced statements or illegally seized evidence.

This case is clearly distinguishable from Doran v. Wilson, 369 F.2d 505 (C.A.9) where the petitioner alleged that he had confessed to the crime, that the confession was coerced while he was under the influence of drugs and that his guilty plea was induced by the confession.

I think that the district judge, mindful of his "delicate role in the maintenance of proper federal-state relations" adhered to the teaching of Townsend v. Sain, supra, and correctly decided the issues presented to him.

Even if we were to assume the district court erred in the disposition of the issues relating to Case No. 15691, I do not believe a reversal would be warranted as the 1963 conviction in Case No. 261469 is clearly valid.

The petitioner in Case No. 261469 alleges that the police entered his home and searched it, but he does not say they seized anything, nor does he say that anything was received in evidence during his trial. He alleges that after six hours of intensive questioning he was forced to sign a statement which was used in court. He does not say how it was used in court and if we were to assume it was received in evidence, he does not allege that any objection was made to its introduction. Neither does he allege that the statement included any admissions or was incriminating in any way.

Assuming the truth of every fact alleged[2] these allegations do not raise

---

1. In his brief filed with this court, Smiley says,
   "*The Appellant contends that he should be given the same equal protection of law, so if the people,* like Mapp vs. Ohio, 367 U.S. [643, 81 S.Ct. 1684, 6 L.Ed.2d 1081] Gidion (sic) vs. Wainwright, 372 U.S. [335, 83 S.Ct. 792, 9 L.Ed.2d 799]. Escobedo vs. [State of] Illinois, 372 [378] U.S. [478, 84 S.Ct. 1758, 12 L.Ed.2d 977] etc. *Mention* (sic) *herein get their case reversed by the courts on Constitutional grounds so should the appellant or bring these people back and make them do the time also.*" (emphasis supplied by appellant.)

2. The full and complete allegations of the applicant with respect to Case No.

261469 were as follows (grammar and spelling have not been corrected):
10. State concisely the grounds on which you base your allegations that you are being held in custody unlawfully:
   (a) "Illegal Search and Seizure. See Mapp -Vs- Ohio 367 U.S. 643–655, Exparte Boyd -Vs- U.S. (1919), Exparte Weeks -Vs- U.S. (1914) —Re Illegal Search and Seizures —Using the evidence in court. Also See U.S. Constitution 4th Amendment—Warrants Illegal Searches and Seizures. California Constitution Article 1 Section 19."
   (b) "Petitioner was mentally coerced for 6 hours before he was booked and charged with 288 P. C. Child Molesting, and taken 3

a constitutional question requiring a hearing by a federal court. See Townsend v. Sain, supra, 372 U.S. at page 312, 83 S.Ct. 745.

With respect to his 1963 conviction, he also alleges the police failed to advise him of his rights. This ground is without merit as Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided on June 13, 1966, upon which he necessarily relies, is not to be applied retroactively. Johnson v. State of New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Because in the 1963 conviction, "it appears from the application that the applicant or person detained is not entitled thereto" (28 U.S.C. § 2243), the issuance of a writ or an order to show cause is not required and thus the petition was properly disposed of.

Since the commitment in the 1963 conviction is valid, it is not necessary, in view of the doctrine of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, to consider the validity of the other convictions. Inasmuch as Smiley was not on parole from the 1963 conviction, the exception carved out of the *McNally* doctrine referred to in the majority opinion, could have no application.

I would affirm.

days later to Municipal Court. (Note: The Law states the police must have the accused in Court 48 hours from the time that he was arrested) The petitioner was forced to sign a type written statement which was used in Court. The petitioner having gotten up at 5:00 A.M., and worked hard, was very tired and was asleep when the police entered his home."

(c) "Petitioner was not advised of his Constitutional Rights, or that it was his right to remain silent and sign nothing, or make no statements, or that he could have counsel during questing to protect his rights. See Malloy -Vs- Hogan U.S. 110 Oct. Term. 1963"

11. State concisely and in the same order the facts which support each of the grounds set out in (10):

(a) "The Signal Hill City police entered petitioners home about 8:00 P.M., on June 29, 1962, they searched his home. The petitioner asked them if they had a warrant. They said No! Them they arrested him. They questioned the petitioner from 8:00 P.M. at his home untill 12 midnight at the police station before he was booked and charged with 288 P.C., which the petitioner kept dening, because he was too tired and sleepy to argue or know exactly what he was saying or doing. The alleged victam (Age 4) testified despite the protest of the petitioner, while the parents stood by the stand, leading the witness.

(b) "The petitioner was forced by fear and trickery to sign a type written statement at 12:00 midnight. This was after 6 hours of intensive questioning. Having other problems and being emotionally near a breakdown, this did't help the petitioners mind. It would be easy to be taken advantage of any person under these circumstances, confusion and fustration, mixed up.

(c) "The accused must be inform of his Constitutional Rights. The police did not imform the petitioner of his Constitutional Rights. See Massiah -Vs- U.S. 374 U.S. 805. Spano -Vs- N.Y. 360 U.S. 315. Pointer -Vs-Texas U.S. 577 Oct. Term. 1964."