**James E. BRIGHT, Appellant,**

v.

**B. J. RHAY, Superintendent, Washington State Penitentiary, Appellee.**

No. 21975.

United States Court of Appeals Ninth Circuit.

April 26, 1968.

James E. Bright, in pro. per.

John J. O'Connell, Atty. Gen., Olympia, Wash., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and PREGERSON, District Judge.

PER CURIAM:

James E. Bright, presently in Washington penal custody under his conviction on a plea of guilty of grand larceny, appeals from an order of the district court denying his petition for a writ of habeas corpus. No evidentiary hearing was held and no return to Bright's petition was required or obtained from appellee. The district court dismissed the application. This appeal followed. No brief was filed by appellee.

The main thrust of Bright's claim is that his plea of guilty of grand larceny was involuntary because it was induced by threats of the prosecutor and police that illegally obtained evidence—contraband and a confession—would be introduced at the trial, and that the prosecutor would not press habitual criminal charges if Bright pleaded guilty. The law is clear that a guilty plea primarily induced by such factors may be attacked by way of habeas corpus. See Johnson v. Wilson, 371 F.2d 911 (9th Cir. 1967); Doran v. Wilson, 369 F.2d 505 (9th Cir. 1966); Cortez v. United States, 337 F.2d 699, 701 (9th Cir. 1964), cert. denied, 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726 (1965); Smiley v. Wilson, 378 F.2d 144 (9th Cir.

1967). The case is remanded for an evidentiary hearing to determine whether the plea of guilty was involuntary.

It is unclear from the record on appeal whether Bright is also in custody because of a violation of parole pertaining to a prior conviction the validity of which has not been challenged. If Bright is also in custody due to this parole violation, and if parole was not revoked solely because of the grand larceny conviction, then an issue is raised under the doctrine of McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934).[1] However, since the question of the continued vitality of the McNally holding is now before the Supreme Court in the case of Rowe v. Peyton, 383 F.2d 709 (4th Cir. 1967),[2] the resolution of the issue raised by McNally should be held in abeyance pending the decision of the Supreme Court in that case.

Reversed and remanded.

---

1. This doctrine precludes the issuance of a writ of habeas corpus when release from confinement would not result because applicant is held on a separate, valid conviction.

2. This case, which is No. 802 on the Supreme Court's calendar for this Term under the name of Peyton v. Rowe, 390 U.S. 978, 88 S.Ct. 1096, 19 L.Ed.2d 1275, was argued on March 27, 1968.