Robert J. SHANNON, Petitioner,

v.

Hoyt C. CUPP, Warden, Oregon State
Penitentiary, Respondent.

Civ. No. 68–20.

United States District Court
D. Oregon.

Jan. 24, 1969.

As Amended Jan. 29, 1969.

Gary G. Jones, Salem, Or., for petitioner.

Robert Y. Thornton, Atty. Gen., of Oregon, Helen B. Kalil, Asst. Atty. Gen., Salem, Or., for respondent.

## OPINION

SOLOMON, Chief Judge:

A State court jury convicted Robert J. Shannon (Petitioner) of "Assault with intent to kill," and his conviction was affirmed. State v. Shannon, 241 Or. 450, 405 P.2d 837 (1965). Petitioner now seeks relief in this Court under 28 U.S.C. § 2241 et seq. All available State court remedies have been exhausted. 28 U.S.C. § 2254(b).

Petitioner was arrested on February 14, 1964, during a supermarket burglary at which his accomplice (Morris) was shot and killed by a police officer. He was questioned briefly at the supermarket, without being advised of his constitutional rights to an attorney and to remain silent. He made certain admissions. He eventually pleaded guilty to a charge of burglary. He was convicted, after a plea of not guilty, of "assault with intent to kill." His sentences on both charges were made concurrent. Nevertheless, I will hear his attack on the longer "assault with intent to kill" sentence. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed. 426 (1968); Imbler v. Oliver, 397 F.2d 277 (9th Cir. 1968).

Petitioner contends that the supermarket admissions were involuntary and should not have been allowed in evidence against him. Some of the admissions concerned Morris's state of mind and were introduced to show intent. Other admissions concerned the planning of the burglary and gaining of access to the supermarket.

I find that Petitioner's admissions were voluntary. Petitioner was tried prior to Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1963), and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), so those cases are not controlling. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Voluntariness is the test. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

Petitioner was twenty-one at the time of the burglary. He was searched and handcuffed after emerging from the loft where he and Morris were hiding. A police photographer took his picture. One or two officers guarded him and he was asked several questions over a half-hour period. As soon as the police determined it was safe, they holstered their guns. Petitioner was in custody and the investigation had focused on him, but the questioning lasted only a few minutes, and there is no evidence of coercion or overbearing police action to support a finding of involuntariness. Petitioner was under some stress because the police had just killed his partner, but considering the totality of the surrounding circumstances, I find Petitioner's admissions voluntary and properly introduced.

Petitioner cites two cases. In Greenwald v. Wisconsin, 390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77 (1968), the suspect was in custody more than twelve hours, without food or needed medication, before he confessed. He was not advised of his constitutional rights, and his request for a lawyer was ignored. In addition, he was both arrested and tried after Escobedo.

In Davis v. North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966), the suspect was in police custody for sixteen days. During this time he spoke to no one but the police and was

interrogated daily. Nothing like this occurred in the present case.

■■ Petitioner's next argument is that the State was required to provide a procedure whereby an independent determination of voluntariness could first be made by the trial judge before an admission or confession could be heard by the jury. Jackson v. Denno, supra. The State provided no such procedure at Petitioner's trial. This, of course, does not entitle Petitioner to a new trial, but he is entitled to a hearing on the voluntariness of his admissions. I have already held such a hearing.[1] Since I have found his admissions voluntary, there is no need to retry the case. 378 U.S. at 394, 84 S.Ct. 1774.

Petitioner also contends that the trial judge's instructions deprived him of due process. Specifically, he claims that it was constitutional error for the trial judge to instruct the jury that it could find Petitioner guilty if it found either that he aided and abetted Morris in the latter's assault upon a police officer, or that Morris's assault was a natural and probable consequence of the burglary that Petitioner and Morris conspired to commit. Petitioner claims that the instruction on the latter theory resulted in his being tried and possibly convicted of conspiracy, a crime not charged in the indictment.

■ Petitioner's claim is untenable. The indictment charges Petitioner with the substantive crime of "assault with intent to kill." The trial judge's instructions merely informed the jury of the two legal theories which would make Petitioner guilty of that substantive crime even though he did not in fact commit the actual assault. The judge did not introduce an additional substantive crime into the trial; he merely informed the jury of the finding it would have to make to return a verdict of guilty for the crime charged in the indictment. See Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (conspiracy); Pang v. United States, 209 F.2d 245 (9th Cir. 1954) (aiding and abetting).

Cole v. Arkansas, 333 U.S. 196, 68 S. Ct. 514, 92 L.Ed. 644 (1948), is not in point. There, a trial court convicted defendants of violating section two of a statute. They appealed, claiming section two was unconstitutional. The appellate court affirmed, holding that the evidence introduced at the trial supported a finding that the defendants had violated section one of the same statute. The Supreme Court reversed because the defendants were tried for violating section two. To affirm their conviction because the evidence supported a violation of a separate and independent crime denied them due process. In the present case, Petitioner was charged, tried and convicted of the same substantive crime, "assault with intent to kill."

Finally, Petitioner contends that he was denied due process when the trial judge, over objection, permitted a police officer to testify to admissions Petitioner made about the burglary he and Morris planned to commit. Petitioner claims the introduction of these admissions was prejudicial error.

Petitioner refers to the Oregon Supreme Court's opinion on the appeal of his case (State v. Shannon, supra), holding that his admissions about the burglary were "colorably unconstitutional" and also irrelevant in the trial for "assault with intent to kill." Nevertheless, the State Court ruled that the resulting error was harmless. 241 Or. at 457–458, 405 P.2d at 839.

■ The State Court based its conclusion that the admissions were "colora-

[1] I realize, as a matter of comity, it is often preferable to remand a case to the State court when a hearing on the voluntariness of a confession is required. I do not believe this is mandatory. Jackson v. Denno, supra; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770;

Bright v. Rhay, 391 F.2d 915 (9th Cir. 1968); Thompson v. Cox, 352 F.2d 488 (9th Cir. 1965). Here, Petitioner raised several other issues. At least one of them could not be resolved without a determination of the voluntariness of Petitioner's admissions.

**1116**

bly unconstitutional" on State v. Neely, 239 Or. 487, 395 P.2d 557 (1964), modified 239 Or. 496, 398 P.2d 482 (1965), an extension of *Escobedo*. In Oregon, as a matter of State law, the *Escobedo-Neely* doctrine applies to cases finally decided within ninety days before *Escobedo*. Guse v. Gladden, 243 Or. 406, 414 P.2d 317 (1966). However, as a matter of Federal law, *Escobedo* only applies to trials commenced after the day it was decided. Johnson v. New Jersey, supra. Consequently, the State court's determination on the constitutionality of Petitioner's admissions regarding the burglary could differ from the Federal court's determination. The State Court used the *Escobedo-Neely* approach, which requires the exclusion of admissions made while in custody and prior to notice of the rights to remain silent and to an attorney.

 The State court may, as a matter of State law, apply a more favorable rule on retroactivity of a federally protected Constitutional right than the Constitution itself requires. But on a motion under 28 U.S.C. § 2241 et seq., it is a federal question whether a petitioner is being restrained in violation of the laws or Constitution of the United States. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Frias v. Wilson, 373 F.2d 61 (9th Cir. 1967). I must therefore use the pre-*Escobedo* test. Johnson v. New Jersey, supra.

 The State Court also held that the introduction of the admissions regarding the burglary were "irrelevant" in Petitioner's trial for "assault with intent to kill." No federally protected right will prohibit the introduction of these admissions because of irrelevancy. This is particularly true since they tend to prove the existence of a conspiracy to commit a burglary—one of the two grounds on which the jury could have found Petitioner guilty of "assault with intent to kill."

 The prejudicial effect of a confession or admission, valid under the laws and Constitution of the United States, but invalid under the laws of Oregon—or irrelevant under Oregon's rules of evidence—must be determined according to Oregon, not Federal, law. Since the laws or Constitution of the United States will not exclude such evidence, a Federal court cannot logically hold it was too prejudicial to admit. The Supreme Court in Chapman v. California, 386 U.S. 18, 21, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), held that the federal harmless error rule applies only to errors committed in violation of the laws or Constitution of the United States.

The State of Oregon's custody over Petitioner violates neither the laws nor the Constitution of the United States and his petition is therefore dismissed.

This opinion shall constitute findings of fact and conclusions of law in accordance with Rule 52(a) Fed.R.Civ.P.