**Charles James COUSINS, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–6–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

April 30, 1970.

**1314**

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Charles James Cousins, a state prisoner, pursuant to 28 U.S.C.A. § 2241.

On the 16th of February, 1970 said petition was filed in the United States District Court for the Eastern District of Virginia, at Richmond. By order dated February 24, 1970, this court transferred and filed said petition in this court.

■ Petitioner Cousins is currently serving a fifteen (15) year sentence in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Amherst County, imposed on February 10, 1969. A jury found the petition-sentenced him accordingly. The Supreme Court of Appeals reviewed petitioner's allegations, the same as raised herein, and denied relief on the 14th of October, 1969. Therefore, since the er guilty of second degree murder and petitioner has presented his claims to the highest court in Virginia, this court concludes that an exhaustion of available state remedies has been fulfilled in compliance with 28 U.S.C.A. § 2254, as interpreted in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The petitioner raises four (4) points which he claims have denied him applicable constitutional rights. The four allegations are as follows:

1. Inadmissibility of petitioner's statement into evidence;

2. Failure to grant a new trial upon the grounds of after-discovered evidence;

3. Failure to prove guilt beyond a reasonable doubt; and

4. The verdict was contra to the law and evidence presented during the trial.

The four points raised by the petitioner deal essentially with errors alleged to have been committed by the trial court (Circuit Court of Amherst County) during petitioner's jury trial on the 22nd of November, 1968. The transcript of said trial, together with the other records in the case at bar, point to only one conclusion, namely, a conclusion and procedure which this court has continually emphasized and followed.

■ As stated in Grundler v. North Carolina, 283 F.2d 798, 801 (4th Cir., 1960)

\* \* \* (W)e think that the transcript of the trial demonstrates that the evidence was sufficient. Even if we entertained doubts about this, there would be no basis for a federal court in a habeas corpus proceeding to undertake a broad review of the conviction in the state court. There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus.

After a careful examination of the records before this court it surely does not appear that they are so totally devoid of evidentiary support so as to raise a due process question.

The Fourth Circuit Court of Appeals continued by saying that:

\* \* \* (N)ormally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented. *Id.* at 802.

The Ninth Circuit Court of Appeals in McGee v. Eyman, 310 F.2d 230 (1962) concluded as follows:

\* \* \* (T)he limitation upon a federal court in the case of a state prisoner was long spelled out in simple language by this court in Sampsell v. People of the State of California, 9 Cir., 191 F.2d 721, 725, as follows: 'Our function in this type of proceeding is not to correct errors committed in a state trial court. \* \* \* Federal courts must withhold interference with the administration of state criminal justice unless a federal right has been violated'.

These two cases, which are supplemented by many more,[1] point to only one conclusion in the case at bar. Petitioner Cousins has raised allegations dealing only with alleged errors on behalf of the state trial court. An examination of the record does not support any claim of a violation of constitutional standards. The circumstances involved herein do not reach such proportions so as to impugn "fundamental fairness or infringe (upon) specific constitutional protections", guaranteed to the petitioner.

Finally, it should be noted that it is an established view that the role of federal habeas corpus is not one which places the federal court in the position of a state appellate court. Petitioner Cousins would have this court perform such a function. It is for this reason, as well as for a definite lack of constitutional infringements, that this court must conclude that the petition for a writ of habeas corpus be denied and dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within thirty (30) days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

1. See, Shannon v. Cupp, 294 F.Supp. 1113 (D.C.Or., 1969); Petition of Wright, 282 F.Supp. 999 (W.D.Arkansas, 1968); Young v. Boles, 343 F.2d 136 (4th Cir., 1965); Edmondson v. Warden, Maryland Penitentiary, 335 F.2d 608 (4th Cir., 1964); Owsley v. Cunningham, 190 F. Supp. 608 (E.D.Va., 1961).